Caldwell, Ch.
delivered the opinion of the Court.
George Henry, by his last will and testament, of the 9th of February, A. D. 1836, among other things, devised as follows: — “I give, devise, and bequeath unto my beloved wife, one moiety or half part of my estate, real and personal, of whatsoever kind and description I may die possessed of, to her, and her heirs and assigns absolutely and forever. I also, give, devise, and bequeath unto my dear daughter, Ann Boyce Henry, the other moiety or half of my estate, real and personal, of whatever kind and description, when my said daughter shall attain the age of twenty-one years, or day of marriage, which shall first happen ; the said proportion of my daughter’s estate, to be under the controul and management of my beloved wife during éaid period ; provided, my said wife remains single and unmarried. And it is my further will and desire, that my beloved wife shall educate my dear child, and keep her under her management and care, for which she shall be entitled to the whole income of my daughter’s estate, so long as my said wife shall remain single and unmarried, and no longer. But should my said wife marry, it is my will, and I direct, that my daughter’s proportion of my estate, real and personal, shall be managed by my friends, Ker Boyce and John Magrath, my executors hereinafter named; and the income arising from my daughter’s proportion, shall be invested for the use, benefit and be-hoof of my said daughter; still, my beloved wife is to have the sole controul, management and care of my daughter, in educating and bringing her up, for which she shall be allowed a full and adequate compensation. In requesting my executors to take charge and management of my daughter’s proportion of my estate, in the event of my beloved wife marrying, is not from a want of confidence in her, who has been an affectionate wife and doating mother, but to protect my dear child’s property from being subject to the controul *90 or intermeddling of any future husband who may feel no jnterest in her welfare.”
Decided in 1715, 3 Bro Parl. Cases, 478.
The testator died in August, 1837, and his widow, Eliza pjenry, entered into a deed of marriage settlement with William T. Woodward, on the 14th of October, 1839, conveying to him and his heirs and assigns, one-half part of all her property, real and personal, devised and bequeathed to her by the will of George Henry; the other half being conveyed to the trustees, therein named, for her own use. William T. Woodward devised the half she had conveyed to him by the deed of marriage settlement, to her, by his will of the 14th December, 1841, and died in August, 1842. She elected to take her dower in his lands, which has been assigned to her, and. of which she has possession. All the real estate of George Henry has been sold, and the proceeds are to be distributed^ and she claims her dower in his real estate; and the question is, is she entitled to it?
The law so highly regards the widow’s right to dower, that the husband can neither aliene it in his lifetime, or devise it at his death, although he has the extraordinary power to deprive her of every other interest in his estate. As the husband has the absolute right to dispose of his estate, he may, in making provision for his wife by will, annex the express condition, that it shall be in lieu and bar of her dower; her acceptance of the legacy is, in law, a renunciation of her dower. The second class of cases is where the testator has not expressly excluded her claim of dower, but if she enforces it, it is inconsistent with the provisions of the will and defeats the testator’s intention. ■ This is denominated a bar by necessary implication.
There has been great contrariety of opinion in many of the cases in the English reports, and it seems that every case must depend upon the plain and manifest intention of the testator, and the inconsistency of the claim of dower with the provisions of the will. In one of the earliest cases which was carried up to the House of Lords, a man devised a moiety of his estate, after payment of his debts, legacies and portions, to his wife for life; it was held that this would not bar her of dower, but she ought to elect whether she would insist on her dower or waive it and take under the will.
In Chalmers v. Storril, the words of the will were, ctI give to my dear wife, Anna Maria Chalmers, and my two children, namely — my daughter, Anna Maria Chalmers, and my son, John Chalmers, all my estates whatsoever, to be equally divided amongst them — whether real or personal— making no distinction in favour of the male, as it is my intent that my daughter shall have an equal share with my son of all my property,” &c. Sir William Grant, the Master of the Rolls, was of opinion that it was a case of *91 election on the part of the widow, and that her claim of dower would be directly inconsistent with the disposition of the will; the equality in the division of the real estate would' have been defeated if the widow took out of it her dower, and then a third of the remaining two-thirds.
t Jam. on Wills, 402,.
• Sir Thomas Plumer, who succeeded him as Master of the Nolls, adopted and applied the same principle in Dickson v. Robinson, where the testator gave his real and personal estate to his widow, upon trust, for the equal benefit of herself, his two daughters, and the child or children with which she was then pregnant.
And Sir John Leach, the Yice Chancellor, in the more recent case of Roberts v. Smith, held that where the testator devised gavel-kind lands to his wife and two other persons, in trust, as. to one moiety for his wife during her widowhood, and as to the other moiety for his children, the wife must elect between her dower and the provision under the will. This case recognizes and approves the principle in Chalmers v. Storril.
Notwithstanding Mr. Jarman’s disapproval of the three last cases, he has produced no case to contradict, much less to overrule them. JHis objection arises from the presumption. “that as a testator means to dispose of his own interest, exclusively of that of any co-owner, it follows that every devise is first to be read as applying to that interest, and unless some repugnance or inaptitude occurs in such an application of the testator’s language, there is no ground for extending the devise to that portion of interest which is not disposable by him.”
No rule is better established than that one cannot claim under and against a deed or will. Where a testator disposes of property not his own, but which belongs to the legatee, the latter cannot come in and take a legacy under the will without relinquishing his right. This occurs in cases where the title is clear and established. The claim of dower, during the lifetime of the husband, is contingent and inchoate; it cannot be enforced until after his death, and when he devises the' whole estate out of which it is to be taken to his wife and children to be equally divided, her asserting her claim of dower, not only disturbs her co-tenants in the enjoyment of their estate, but defeats the main object 'of the testator, an equal partition of the property. If the testator had, in this case, declined to make a will, the Act of distributions would have given the widow one-third and his daughter the other two-thirds of his estate; in such case no claim of dower could have been set up; and can it be inferred, that when he has established a more favorable division of his estate between them, that he used such inappropriate terms, “ one moiety,” when he meant that his widow should take her third *92 out of his real estate, and then come in for an equal part of the remainder of his real and of the whole of his personal estate 1
2 Ves. & B. m.
The widow’s demand of dower would thus defeat the manifest intention of the testator, to put her and his daughter upon a perfect equality, and while it would destroy the proper proportion he had devised to each of them, would disturb his daughter in the enjoyment of the moiety which he had expressly provided for her.
The ingenious suggestions of Mr. Jarman are not sufficient to raise the presumption, that the testator’s intention is not defeated by the claim of dower, and cannot be permitted to prevail against the construction that should be put on the provisions of the will, and the authority of so many decided cases. Our own cases do not in the slightest degree conflict with these views.
It is therefore adjudged and declared, that the said Eliza Woodward is not entitled to be endowed o.f the real estate of her first husband, George Henry. And it is ordered and decreed that the Circuit decree be modified according to this opinion.
DunkiN, Ch. concurred.
JohnstoN, Ch. absent at the hearing.

Decree modified.